980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Gerardo LEON, Defendant-Appellant.
 No. 92-50066.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 30, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Leon appeals from his judgment of conviction for conspiracy to possess more than 5 kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of 251 kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He argues that the evidence was insufficient to support his conviction. He also contends that the district court abused its discretion in denying his request for a three-hour continuance on the first day of trial. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 In assessing Leon's argument that the evidence was insufficient to support his conviction, we seek to determine whether the evidence, "viewed in the light most favorable to the government, would support a finding by any rational trier of fact that the defendant was guilty of each essential element of the crime charged." United States v. Christoffel, 952 F.2d 1086, 1089 (9th Cir.1991) (internal quotation omitted), cert. denied, 112 S.Ct. 1700 (1992). Addressing Leon's conspiracy conviction first, we point out that Leon conceded that his co-defendants Felix and Tapia formed a conspiracy to purchase 200 kilograms of cocaine from Drug Enforcement Agency Agent Pena (Agent Pena). With the existence of a conspiracy established, the government needed only to prove beyond a reasonable doubt that Leon "had a slight connection" to that conspiracy. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1382 (9th Cir.1991). Such a connection "may be inferred from circumstantial evidence." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 
 
 3
 Viewing the evidence in the light most favorable to the government, it is clear that a reasonable jury could have found that Leon was one of the financiers of this conspiracy to purchase cocaine. One of his co-defendants described him as such to Agent Pena; Leon himself assured Agent Pena that he could produce the money necessary to finance the transaction; and to bolster his assurance, Leon told Agent Pena that he could show him at least $200,000 in cash the following week, after collecting the profits from a large marijuana sale. Leon also provided Agent Pena with his telephone numbers and was present while Agent Pena continued his negotiations with co-defendant Madrigal. Taken together, this evidence sufficiently establishes Leon's knowing participation in the conspiracy.
 
 
 4
 Leon's reliance on United States v. Iennaco, 893 F.2d 394 (D.C.Cir.1990), is misplaced. In that case, the government failed to prove that the defendants ever reached an agreement to commit an offense. Id. at 398. Here, by contrast, Leon's counsel admitted that an agreement existed between co-defendants Felix and Tapia to purchase cocaine. The question in this case was whether Leon was a party to that agreement, and the evidence indicates that he was.
 
 
 5
 Leon's suggestion that he did not possess sufficient assets to complete the purchase is unavailing. Legal impossibility is not a defense to a conspiracy charge. See United States v. Bosch, 914 F.2d 1239, 1241 (9th Cir.1990). The conspiracy was complete when the conspirators agreed to commit the offense of purchasing cocaine. See id.
 
 
 6
 Leon also challenges his possession conviction on the grounds that the evidence was insufficient. The district court correctly instructed the jury that Leon could be convicted of possessing the cocaine that Madrigal showed Agent Pena based on the Pinkerton theory of possession. See United States v. Pinkerton, 328 U.S. 640 (1946). Under this theory, a party to a conspiracy can be held responsible for substantive offenses committed by his co-conspirators even if the party himself did not participate directly in those offenses, so long as the offenses were committed in furtherance of the conspiracy. See United States v. Vasquez, 858 F.2d 1387, 1393-94 (9th Cir.1988) (applying Pinkerton theory of possession), cert. denied, 488 U.S. 1034 (1989).
 
 
 7
 This case is different from those in which Pinkerton is usually applied because the conspiracy was to purchase, not sell, cocaine. However, Agent Pena testified that the cocaine Madrigal showed to him served as a substitute for the money Agent Pena sought in exchange for his supplying cocaine. He also testified that Madrigal told him he had been busy that morning smuggling the cocaine into the United States. The conspirators, according to Agent Pena, were confident that by showing Pena their cocaine, he would agree to go through with the sale because he would realize their seriousness and their trafficking abilities. The cocaine, in Agent Pena's view, thus was the equivalent of a financial portfolio that the conspirators tried to use to convince Pena to sell them cocaine.
 
 
 8
 Based on this testimony, a reasonable jury could have concluded that Madrigal possessed the cocaine in furtherance of the conspiracy. Contrary to Leon's argument, the government did not have to prove that Leon knew about the cocaine that Madrigal showed to Agent Pena. As long as Leon was part of the conspiracy, which he was, and the cocaine helped further the conspiracy, which it did, it was proper to hold Leon responsible for possession.
 
 
 9
 We turn, finally, to the district court's denial of Leon's motion for a continuance, which we review for abuse of discretion. United States v. Cuevas, 847 F.2d 1417, 1421 (9th Cir.1988), cert. denied, 489 U.S. 1012 (1989). We examine four factors in our review: (1) the defendant's diligence prior to the date on which continuance was sought; (2) whether the continuance would have served a useful purpose if granted; (3) the inconvenience granting the continuance would have caused the court or the government; (4) the amount of prejudice suffered by the defendant. Armant v. Marquez, 772 F.2d 552, 556 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986). Although all four factors normally are considered together, at a minimum a defendant must show some prejudice resulting from the court's denial of the continuance motion. Id. at 556-57.
 
 
 10
 Leon argues on appeal that he requested the motion because one of his two attorneys was suffering from a diabetic illness. However, the record reveals that his attorney, Mr. May, was ill on the second day of trial, not the first day when Leon made his continuance motion. The record is silent as to why Mr. May was late on the first day. Leon's other attorney provided no reason when he made his continuance motion. He told the court that Mr. May would be late, but he offered no explanation as to why. Therefore, even if Mr. May was ill on the first day of trial, we cannot consider that fact on appeal. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) ("facts not presented to the district court are not part of the record on appeal").
 
 
 11
 Applying all four factors from Armant is difficult in light of Leon's failure to provide an explanation to the trial court when he made his continuance motion. However, we are certain that this difficulty should not redound to Leon's benefit, and it is unnecessary, in any event, to consider all four factors in this case. Leon has failed to show that he was prejudiced by the court's denial of his motion. He argues that he was deprived of his counsel of choice and precluded from giving an opening statement. Neither argument has merit.
 
 
 12
 First, Mr. Whitaker and Mr. May served as co-counsel for Leon. Even if the latter was his true counsel of choice, the court did not deprive him of that counsel. Mr. May was simply late to trial. Second, Leon reserved his right to make an opening statement, and Mr. May arrived in time to deliver that statement.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4